James E. Downey, Esq. Town Attorney, Pharsalia
You have asked whether your town justice may also be employed as a secretary to the public defender. You have indicated that this individual would also serve as secretary to the public defender in his private practice of law.
The public defender has responsibility for the representation of indigents charged with a crime at every stage of the proceedings following the arrest (County Law, § 717[1]).
Criminal actions can be commenced in a local criminal court through the filing of accusatory instruments (Criminal Procedure Law, §§ 100.10,110.10). Also, defendants can be arraigned in a local criminal court upon these accusatory instruments (id., § 110.10). A "local criminal court" includes a town court (id., § 10.10[3][d]).
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The secretary to the public defender would be familiar with activities of the public defender's office through her stenographic duties and access to files and papers. The subject individual would have a close affiliation with the public defender, both in his public duties and as his secretary in the private practice of law.
In our opinion, these duties in connection with the criminal defense of indigents are inconsistent with the duties of a town justice in the early stages of a criminal action. Also, the dual role and the associated specter of divided loyalty raises questions as to whether the justice could act impartially when dealing with a defendant represented by the public defender's office. There would, in our opinion, at least be an appearance of impropriety, which must be avoided to preserve the integrity of the judiciary.
We do not believe that recusal is an available remedy for the town justice under these circumstances because conflicts are likely, necessitating repeated recusals. In any event, we believe that the functions of the two positions necessitate that they remain separate.
We conclude that one person may not hold simultaneously the positions of town justice and secretary to the public defender.